IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COVENTRY HEALTH CARE WORKERS COMPENSATION, INC., | ) ) ) | |
| Plaintiff, | ) | 10 C 7814 |
| v. | ) ) | Judge Virginia M. Kendall |
| MEDICOR MANAGED CARE, LLC, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Coventry Health Care Workers Compensation, Inc. ("Plaintiff" or "Coventry") sued Defendant Medicor Managed Care, LLC ("Defendant" or "Medicor") for breach of contract and account stated. Specifically, Coventry alleges that Medicor breached its contract with Coventry for the provision of managed care services, in that Medicor failed to pay invoices within 60 days of receipt for services rendered between March and September 2010. Coventry has moved for summary judgment solely on the breach of contract claim, on grounds that no genuine issue of material fact exists regarding Medicor's breach of the contract's terms. Because there exists a material factual dispute as to whether the parties modified the contract, both orally and through course of conduct, to permit payment of invoices at a due date later than that set forth in the original contract, summary judgment is denied and the case will proceed to trial.

I.   STATEMENT OF UNDISPUTED FACTS

Coventry provides certain workers' compensation managed care services. (Pl. 56.1 ¶ 2.)¹ Medicor is a provider of managed care services, including medical cost containment solutions, products and services. (Def. 56.1 ¶1). On April 1, 2009, Medicor and Coventry entered into a Workers' Compensation Managed Care Services Agreement (the "Contract"), pursuant to which Coventry agreed to provide Medicor access to certain managed care services and networks, in exchange for payments by Medicor of a set percentage of its saving generated by using Coventry's services. (Pl. 56.1 ¶¶ 8, 9, 12). The Contract had an initial term of three years, starting April 1, 2009, and provided for automatic renewals thereafter unless terminated pursuant to the terms of the Contract. (Pl. 56.1 ¶ 10). The Contract is governed by Illinois law. (Cmplt. Ex.A § 8.5).

Around late 2009 or early 2010, Coventry and Medicor discussed options for Medicor to pay its outstanding invoices. (Def. 56.1 ¶2).² The parties dispute whether they reached any kind of formal or informal agreement regarding the payment of invoices; however, the parties do not dispute that (i) Medicor made numerous payments between January and June 2010 on account of invoices dated between August 2009 and February 2010 and (ii) Coventry accepted and deposited those payments. (Pl. 56.1 Resp. ¶¶ 3-26). Medicor's final payment to Coventry occurred in late June

---

¹Throughout this Opinion, the Court refers to the Parties' Local Rule 56.1 Statements of Undisputed Material Facts as follows: citations to Coventry's Statement of Undisputed Material Facts have been abbreviated to "Pl. 56.1 ¶__" and to its accompanying exhibits to "Pl. 56.1 Ex. __"; citations to Medicor's Response have been abbreviated to "Def. 56.1 Resp. ¶__"; citations to Medicor's Statement of Additional Undisputed Material Facts have been abbreviated to "Def. 56.1 ¶__" and to its accompanying exhibits to "Def. 56.1 Ex. ___;" and citations to Coventry's Response have been abbreviated to "Pl. 56.1 Resp. ¶__."

²With respect to many of Medicor's Statement of Additional Undisputed Material Facts, Coventry admits the accuracy of the fact but denies that the fact is material pursuant to Federal Rule of Civil Procedure 56.1. The legal implications of Coventry's assessment of the materiality of certain facts is discussed in more detail below; for purposes of a description of the factual parameters of the case they are undisputed.

2010, on account of invoices for services provided in January and February 2010. (Pl. 56.1 Resp ¶ 26, Pl. 56.1 ¶¶ 17-18).

Medicor accessed Coventry's networks each month from March through September 2010, and received invoices for each month's fees. (Pl. 56.1 ¶¶ 20-54). Medicor did not pay any of the invoices received after February 2010. (*Id.*) Coventry's chief executive officer sent a letter dated September 2, 2010 to Medicor, notifying Medicor that the Contract would be terminated on September 25, 2010 for nonpayment of invoices. (Def. 56.1 Resp. ¶ 55.) On December 2, 2010, Coventry filed this suit.

**II. LEGAL STANDARD**

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *See Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the Court will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statement." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

A "genuine issue" in the context of a motion for summary judgment is not merely a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S.

at 248. "Material" facts "are those which might affect the outcome of the suit." *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 599 (7th Cir. 2000).

### III. DISCUSSION

Most of the facts in the parties' respective Local Rule 56.1 Statements are factually undisputed. Coventry alleges, however, that many of the facts upon which Medicor relies primarily those concerning the invoice payment history between the parties prior to March 2010 - are not material pursuant to Local Rule 56.1 and prevailing Seventh Circuit caselaw, as they have no bearing on Medicor's failure to pay invoices after March 2010. Medicor, in contrast, argues that the prior payment history between the parties is critical to the present dispute, as the parties' past dealings constitute evidence that the parties' course of conduct modified the Contract with respect to the time period permitted to Medicor for the payment of invoices.

Medicor's chief executive officer testified that in January 2010, the parties came to an agreement to pay outstanding invoices over time, and that Medicor made payments of outstanding invoices pursuant to that agreement. Aff. James Bellow at ¶4-5. Coventry denies the existence of any such agreement, but does not deny that it accepted payments on invoices that were months overdue. Under Illinois law, written contracts may be modified both by oral agreement and by course of conduct. *See Household Fin. Servs., Inc. v. Coastal Mortgage Servs., Inc.*, 152 F. Supp. 2d 1015, 1022 (N. D. Ill. 2001) (oral modifications to written contracts permissible under Illinois law); *see also Int'l Bus. Lists, Inc. v. AT&T Co.*, 147 F.3d 636, 641 (7th Cir. 1998) ("A contract is validly modified if the party which did not propose the changes is shown to acquiesce in the modification through a course of conduct consistent with acceptance.")

Viewing the evidence in the light most favorable to Medicor, both the existence of (and time constraints surrounding) any oral agreement between the parties, as well as the implications of Coventry's acceptance of six months of delayed invoice payments by Medicor, are disputed issues of fact that bear directly on the viability of Medicor's assertion that the parties' oral agreement and course of contract constitute a modification of the Contract to allow for longer payment time following invoicing. These issues are issues of fact that are not appropriate for a ruling on summary judgment. *Maher and Assocs., Inc v. Quality Cabinets*, 267 Ill. App. 3d 69, 203 Ill. Dec. 850, 640 N.E.2d 1000, 1007 (1994) ("Whether the terms of a written contract are modified by acts or conduct is a question of fact for the trier of fact."); *Janda v. U.S. Cellular Corp.*, 961 N.E.2d 425, 437 (Ill. App. 2011) ("Generally, when evidence is introduced to show a modification of a written contract or a waiver of a provision of the contract, the determination of the final agreement between the parties is a question of fact to be determined by the fact finder."); *Giannetti v. Angiuli*, 263 Ill. App. 3d 305, 200 Ill. Dec. 744, 635 N.E.2d 1083, 1090 (1994) ("Whether a party's course of conduct waives strict compliance with a contractual provision and results in forfeiture is generally a question of fact; such a question is unsuitable for disposition by way of summary judgment").

Therefore, Coventry's motion for summary judgment on Count I of its Complaint is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: March 9, 2012